A memorandum filed this date is hereby incorporated into and made a part of this order.

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is denied as to the ERISA claim (Count I) but granted as to the LMRA claim (Counts I and V).

IT IS FURTHER ORDERED that defendants' cross-motion for summary judgment is granted as to the ERISA claim (Count I) but denied as to the LMRA claim (Counts I and V).

IT IS FURTHER ORDERED that sections 5.02, 5.03, 5.04(b) and the second sentence of section 5.05 shall be stricken from the Trust Indenture.

IT IS FURTHER ORDERED that Edwin D. Dorsey, William Shackles, Howard Eldridge and Edwin Epstein shall remain as trustees of the Plan until their death, resignation or removal.

IT IS FURTHER ORDERED that the Union shall have exclusive authority to remove and replace Dorsey and Shackles as trustees at any time and from time to time.

IT IS FURTHER ORDERED that the Association shall have exclusive authority to remove and replace Epstein and El-

dridge as trustees at any time and from time to time.

**Harry SHAW, Jr.**

v.

**John BOYD, Jr., and Rita Boyd.**

**Civ. A. No. 86–6000.**

United States District Court,
E.D. Pennsylvania.

March 17, 1987.

John Mattioni, Philadelphia, Pa., for plaintiff.

Daniel Ryan, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM

NEWCOMER, Judge.

I have before me in this action a motion by defendants' to dismiss for lack of personal jurisdiction. Plaintiff has opposed the motion, and has moved to strike the motion to dismiss. Plaintiff also suggested in the alternative that if personal jurisdiction is lacking, then the case should be transferred to the United States District Court for the District of New Jersey. For the reasons stated below, I will transfer this case to the District of New Jersey.

This is a personal injury action, invoking this court's subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The complaint alleges that the parties were involved in an automobile accident on November 28, 1984 in Somers Point, New Jersey. Plaintiff is a citizen of Pennsylvania; defendants are New Jersey domiciliaries. Defendants are individuals, sued as individuals and not in any corporate or business capacity.

By affidavit attached to their motion, defendants state that they live in Northfield, New Jersey, and have never owned any property in Pennsylvania. Neither defendant has been employed in Pennsylvania since Mr. Boyd's high school employment in the 1950's. Defendants have never owned a business in Pennsylvania, nor promoted any business in Pennsylvania during the pertinent time period. They have never paid any kind of taxes to the Commonwealth of Pennsylvania, nor to any of its political subdivisions. On the basis of these averments, defendants claim that personal jurisdiction over them by any court within the forum state is improper.

Under Fed.R.Civ.P. 4(e), a federal court may assert personal jurisdiction over nonresident defendants to the extent allowed by the law of the state in which the court sits. The Pennsylvania long-arm statute, 42 Pa. C.S.A. § 5322(b), permits the exercise of jurisdiction over nonresidents "to the fullest extent allowed under the Constitution of the United States." Pennsylvania courts have recognized that this provision renders the reach of the long-arm statute coextensive with that permitted by the due process clause of the United States Constitution. *See, e.g., Koenig v. International Brotherhood of Boilermaker*, 284 Pa.Super. 558, 426 A.2d 635, 640 (1980). However, the interpretation of the United States Constitution by Pennsylvania courts does not bind federal courts. I may therefore assess the constitutionality of exercising jurisdiction over foreign defendants according to the law of this Circuit. *Empire Abrasive Equipment v. H.H. Watson, Inc.*, 567 F.2d 554, 556 n. 1 (3d Cir.1977).

The basic factors for determining whether the exercise of jurisdiction over a nonresident defendant is proper were set out in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). That case held that due process is satisfied when a nonresident defendant has such minimum contacts with the forum state "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158. The third Circuit has construed the requirements of due process in questions of personal jurisdiction in different ways depending on the nature of the claims: "where the defendant's forum-related activities do not give rise to the claim, and ... where the claim arises out of a specific forum-related act or series of acts." *Paolino v. Channel Home Centers*, 668 F.2d 721, 724 (3d Cir.1981). *See also, Electro-Catheter Corp. v. Surgical Specialities Instrument Co., Inc.*, 587 F.Supp. 1446, 1449 (D.N.J.1984).

■ If a claim is premised on conduct of a defendant within the forum state a "court must inquire whether the relationship of the transaction at issue to the forum justifies the forum state's assertion of the jurisdiction over the defendant," *id.* at 1449, under the "minimum contacts" standard. On the other hand, if the claim does not arise out of defendant's activities within the forum state, this court may only exercise personal jurisdiction if defendant's contacts with the forum are continuous, systematic and substantial. *Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggass,* 675 F.2d 587, 588 (3d Cir.1982).

Initially, then, I must determine whether plaintiff's claim arises from defendants' forum related activities or from non-forum related activities. *Gehling v. St. George's School of Medicine, Ltd.,* 773 F.2d 539, 541 (3d Cir.1985) (two-step process employed "to determine whether personal jurisdiction may be asserted over a non-resident defendant"); *Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir.1981). "The focus must be on the relationship of the transaction giving rise to the law suit to the forum where plaintiff seeks to litigate it." *Reliance Steel, supra,* 675 F.2d at 588 (citing *Paolini, supra,* 668 F.2d at 724).

Under the applicable standards, it is clear that the only conceivable basis for jurisdiction is general jurisdiction, arising from general contacts between the defendants and Pennsylvania, because the incident giving rise to the lawsuit—an automobile accident in New Jersey—was in no way related to the forum. If plaintiff can demonstrate sufficient contacts between defendant and the forum state so that defendant could reasonably and fairly expect to be hauled into court in this forum, then this court may exercise personal jurisdiction over the defendants. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). Because the event giving rise to this cause of action involves non-forum related activity, this Court's jurisdiction is proper only so long as defendant's contacts with the forum state are "substantial, continuous and systematic." *Electro-Catheter Corp., supra,* 675 F.2d at 589 (citation omitted). *See, Compagnie des Bauxites de Guinea v. Insurance Company of North America,* 651 F.2d 877, 890 n. 2 and cases cited substantial' standard indicate a very high threshold of business activity.")

■ The facts of this case do not permit a finding of sufficient contacts to allow the exercise of jurisdiction over the defendants.[1] There is no reason for the court to believe that non-resident individuals have engaged in such broad activity within this jurisdiction to render them susceptible to being sued here on all matters with which they are involved. *See Electro-Catheter Corp., supra,* 587 F.Supp. at 1449. Defendants' unopposed affidavit is thus a sufficient evidentiary basis to support the conclusion that there is no personal jurisdiction over defendants in this case.

■ Plaintiff has proposed, if the court concludes that it lacks personal jurisdiction, that the case be transferred to the District of New Jersey rather than dismissed.[2] It is clear that personal jurisdiction over the

1. Plaintiff argues that he must be given the opportunity to conduct discovery on the issue of personal jurisdiction. Plaintiff's Memorandum of Law at 6–8. As a general matter, plaintiff's are entitled to conduct jurisdictional discovery where the jurisdictional claim is not frivolous. *Comagnie Des Bauxites De Guinee v. L'Union Atlantique S.A. D'Assurances,* 723 F.2d 357, 362 (3d Cir.1983). Such is often the situation where a question arises concerning whether a defendant is doing continuous and systematic business within the forum state. *Id.* Indeed, the cases concerning general jurisdiction over non-resident defendants involve corporate defendants. *See id.* at 362 and cases cited therein. Under the facts present here, and considering that the defendants are individuals, sued in their individual capacity, I conclude that discovery is not required.

2. Plaintiff has also moved to strike defendants motion to dismiss. Stated briefly, plaintiff states that he stipulated to extend the time in which defendant could answer, but that the stipulation did not allow for a motion to dismiss after the ordinary time for response. No such stipulation was submitted to the court or approved. *See* Local Rule of Civil Procedure 17 (all stipulations of counsel must be in writing and approved by the court). Plaintiff now claims that the motion to dismiss was untimely and unconsistent with the stipulation of counsel. To the extent plaintiff relies on a stipulation not filed with and approved by the court, it

92

defendants would be proper in New Jersey, their state of residence and the jurisdiction in which the incident occurred. 28 U.S.C. § 1406(a) permits a district court cure a defect through transfer of an action to any district in which it could have been properly brought. *See Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77 (2d Cir.1978) (lack of personal jurisdiction over defendants does not preclude transfer under 28 U.S.C. § 1406(a)); *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir.), *cert. denied*, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964). I believe it is in the interest of justice to transfer this case rather than to dismiss it.

An appropriate order follows.

### ORDER

1. Defendant's motion to dismiss this action is DENIED;

2. Plaintiff's motion to strike is DENIED;

3. This action is transferred to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1406(a).

AND IT IS SO ORDERED.

cannot prevail. If defendants did not timely file the motion to dismiss, plaintiff could have taken a default. Plaintiff failed to do so. It would be inequitable for me at this time to deem the jurisdictional argument waived, as the plaintiff was no more diligent in complying with the local rules and timely asserting its position than were defendants.