JERALD M. GUNNER vs. ELMWOOD DODGE, INC.

Bristol. December 9, 1986. — April 17, 1987.

Present: DREBEN, QUIRICO, & KASS, JJ.

*Jurisdiction,* Nonresident, Long-arm statute.

The acts of a Rhode Island automobile sales agency, located one-half mile from the Massachusetts border, in creating a persistent advertising campaign aimed at cultivating a market area in Massachusetts, consisting of its representations in Rhode Island newspapers with circulation in Massachusetts, on radio and television stations whose signals originated in Rhode Island but were widely received in southeastern Massachusetts, and in advertising circulars mailed to Massachusetts residents, without any other contact in Massachusetts, constituted the transacting of business for purposes of conferring on the Massachusetts courts personal jurisdiction over the automobile agency pursuant to G. L. c. 223A, § 3 (*a*). [98-101]

CIVIL ACTION commenced in the Superior Court Department on August 16, 1985.

The case was heard by *Francis W. Keating, J.,* on a motion to dismiss.

*Jerald M. Gunner,* pro se.
*Daniel M. McDonald* for the defendant.

KASS, J. What the parties present for decision, a question of jurisdiction under the "long-arm" statute (G. L. c. 223A), was raised by the allowance of a motion to dismiss the action under Mass.R.Civ.P. 12(b)(2), 365 Mass. 755 (1974).

An affidavit and a deposition submitted by the plaintiff in opposition to the motion to dismiss (see *Good Hope Indus., Inc.* v. *Ryder Scott Co.,* 378 Mass. 1, 3 [1979]; *Balloon Bouquets, Inc.* v. *Balloon Telegram Delivery, Inc.,* 18 Mass. App. Ct. 935 [1984]; Smith & Zobel, Rules Practice § 12.9 [1986 Supp.]), and the facts pleaded in the complaint (taken for these purposes as true) may be said to have established

that the defendant, a Dodge automobile sales agency, had its sole place of business in East Providence, Rhode Island, one-half mile from the Massachusetts border, and that its contacts with Massachusetts were the following: it frequently advertised in the Fall River Herald News, a daily paper; it advertised in The Providence Journal, a newspaper with circulation in southeastern Massachusetts; it advertised on television stations whose signals originated in Rhode Island but were widely received in southeastern Massachusetts; it advertised on a Fall River radio station; and it mailed advertising circulars to Massachusetts residents. Nothing in the record suggests that the defendant owns any property in Massachusetts, sends in any employees or agents, or performs any work in Massachusetts. More precisely put, then, the issue in the case is: Does the dissemination, on a persistent basis, of advertising, print and electronic, aimed at cultivating a market area in Massachusetts, without any other contact in Massachusetts, constitute transacting business for purposes of G. L. c. 223A, § 3(a)?[1] We think it does.

The underlying transaction was the purchase of a 1985 Dodge Omni automobile. Gunner, the plaintiff, a resident of Fall River, saw numerous advertisements placed by Elmwood Dodge in the Fall River Herald News. As a result of seeing the advertisements, he called Elmwood Dodge on the telephone and asked the price for a 1985 Omni, dressed with the options the plaintiff wanted. A salesman called back and gave the plaintiff a price. The plaintiff made the short trip to East Providence, where on October 15, 1984, he signed a purchase agreement. On December 27, 1984, the plaintiff took delivery at the defendant's place of business. If there was any honeymoon between the new owner and his car, it was extremely

---

[1] As will appear in this opinion, statutory jurisdiction might also rest on subparagraph (b) of G. L. c. 223A, § 3, "contracting to supply services or things in this commonwealth" or subparagraph (d), "causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct . . . in this commonwealth." G. L. c. 223A, § 3(b) and (d), as appearing in St. 1968, c. 760.

short. Gunner took the car back to the dealer's service department in East Providence nine times: on December 31, 1984; January 17, 1985; January 21, 1985; February 5, 1985; February 12, 1985; March 4, 1985; May 24, 1985; June 6, 1985; and June 19, 1985. The dealer's ministrations, the complaint alleges, made things worse, producing among other things, sudden surges of acceleration, a dented hood, and a stained seat and rug. Ultimately the plaintiff took up his troubles with the manufacturer, which arranged for repairs at another agency, and not at the plaintiff's expense. Some defects persisted and the plaintiff alleges various damages, including loss of income while waiting at the defendant's place of business. The plaintiff is a lawyer; he is not, apparently, prepared to write the time off to continuing education.

If a Massachusetts court is to exercise jurisdiction over a nonresident defendant, it must determine the existence of "minimum contacts" with the would-be defendant. *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316 (1945). Those contacts must be such that requiring the nonresident to defend in the forum State will not offend "traditional notions of fair play and substantial justice." *Ibid.* In each case there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, and, thereby, invokes the benefits and protections of its laws. *Hanson* v. *Denckla,* 357 U.S. 235, 253 (1958). These fundamental precepts of State jurisdiction in a Federal system are restated in *Good Hope Indus., Inc.* v. *Ryder Scott Co.,* 378 Mass. 1, 5-6 (1979). The long-arm statute constitutes an assertion of jurisdiction to the limits of the United States Constitution, *Droukas* v. *Divers Training Academy, Inc.,* 375 Mass. 149, 152 (1978), but there are limits. *Id.* at 157. See also *World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286 (1980). In any particular case it is necessary to weigh the facts to determine whether the necessary "affiliating circumstances" pertain. *Kulko* v. *Superior Court,* 436 U.S. 84, 92 (1978). Even if constitutional requirements are satisfied, "the circumstances of the particular case [must] come within one of the *specific subsections* of c. 223A, § 3." *Burtner* v. *Burn-*

*ham,* 13 Mass. App. Ct. 158, 161-163 (1982). See also *Hahn* v. *Vermont Law School,* 698 F.2d 48, 50 (1st Cir. 1983).

Advertisements in general trade magazines which happen to circulate in the forum State, but which are not aimed at customers in a particular area, do not effect the requisite minimum contact. So, for example, an advertisement for marine engines placed by a Florida corporation in a magazine which circulated in Massachusetts was not a sufficient basis for bringing the Florida corporation before a Massachusetts court. *Droukas* v. *Divers Training Academy, Inc.,* 375 Mass. at 153. Similarly, an advertisement by a Massachusetts corporation in a magazine directed to refurbishers of automobiles did not confer jurisdiction on a Michigan court to entertain a grievance against the Massachusetts corporation by a Michigan customer. *Splaine* v. *Modern Electroplating, Inc.,* 17 Mass. App. Ct. 612, 619-620 (1984). In both *Droukas* at 154, and *Splaine* at 620, the courts emphasized the isolated nature of each transaction.

By contrast, the defendant Elmwood Dodge, located one-half mile from the Massachusetts-Rhode Island border, sought a more consistent market in Fall River and environs. Even were we to decide that advertisements in The Providence Journal and on a Providence television station only incidentally reached a Massachusetts market, the advertisements in the Fall River Herald News and the radio spot advertisements on a Fall River radio station aimed squarely at Massachusetts targets. The ads were directed, in part, at establishing ongoing relationships with Massachusetts consumers through a one-year warranty on cars sold and the promotion of five-year lease arrangements, relationships made possible by the proximity of Elmwood Dodge to the Massachusetts border. Small advertisements in the Herald News ran daily and a larger ad ran periodically. The record does not disclose how often the radio spots aired. Similarly, we cannot tell from the record how widespread Elmwood Dodge's direct mail campaign was in Fall River, but the existence of a sample solicitation directed to a potential Massachusetts customer (the plaintiff) stands as circumstantial evidence of additional effort to develop a Massachusetts market.

Although there are cases which have said that "mere solici-tation" of business is insufficient to establish jurisdiction over a nonresident (see *Walsh* v. *National Seating Co.*, 411 F. Supp. 564, 570 [D.C. Mass. 1976]; *Guay* v. *Ozark Airlines, Inc.*, 450 F. Supp. 1106, 1111 [D. Mass. 1978]), or have suggested that something beyond "mere solicitation" is required (see *Jet Mfg. Co.* v. *Sanford Ink Co.*, 330 Mass. 173, 176 [1953]), there is cause to doubt the "mere solicitation" reser-vation would still be applied to consistent and persistent solici-tation campaigns. So, for example, a reason offered by the Court for deciding that long-arm jurisdiction did not attach in *World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. at 295, was that the defendant solicited "no business [in Oklahoma] either through salespersons or through advertising reasonably calculated to reach the State."[2]

*Hart* v. *McCollum*, 249 Pa. Super. 267 (1977), supports the proposition that continuous advertising to expand business over a nearby State line renders a nonresident corporation subject to long-arm jurisdiction. The case involved a New Jersey bar which advertised consistently in Philadelphia newspapers to attract Pennsylvania customers. See, to the same effect, *Gar-field* v. *Homowack Lodge, Inc.*, 249 Pa. Super. 392, 397 (1977), in which the court remarked on the nonresident defend-ant's "intensive and continuous advertising in a Pennsylvania newspaper." Cf. *Jacobs* v. *Lakewood Aircraft Serv., Inc.*, 493 F. Supp. 46, 49 (E.D. Pa. 1980) (only a single ad). Other cases which have distinguished advertising which incidentally reaches a State from that which is aimed at the market in a particular State are: *Khalaf* v. *Bankers & Shippers Ins. Co.*, 404 Mich. 134, 156-157 (1978), and *Herman Miller, Inc.* v. *Mr. Rents, Inc.*, 545 F. Supp. 1241, 1245 (W.D. Mich. 1982).

No weight of authority emerges from the cases which have danced around the central question: Does a nonresident's per-

---

[2] *Burtner* v. *Burnham,* 13 Mass. App. Ct. at 160-162, involved the sending of real estate listings from New Hamphire to Massachusetts, as well as another Massachusetts contact. Whether those contacts were sufficient to constitute transacting business in Massachusetts was not expressly decided.

sistent advertising campaign aimed at a market target in the forum State confer long-arm jurisdiction? It assists analysis to ponder the objective of such a campaign. That object is surely to reach out from one State to create continuing relationships with customers of another State. See *Hanson* v. *Denckla,* 357 U.S. at 253; *Burger King Corp.* v. *Rudzewicz,* 471 U.S. 462, 473 (1985); *Good Hope Indus., Inc.* v. *Ryder Scott Co.,* 378 Mass. at 7; *Balloon Bouquets, Inc.* v. *Balloon Telegram Delivery, Inc.,* 18 Mass. App. Ct. at 937. If Elmwood Dodge acts to expand a base of customers in Fall River and environs, it is neither unfair nor unreasonable — certainly not inconvenient — to require it to answer to the complaint of its Massachusetts customers in a Massachusetts court. The expectation with which the advertising is placed is that Elmwood Dodge's transactions in Massachusetts will be neither isolated nor transitory.

When the defendant moved to dismiss the action under Mass.R.Civ.P. 12(b), in addition to the jurisdictional ground discussed by the parties in the appeal and this opinion, it urged as a ground that the complaint failed to state a claim upon which relief can be granted. From the brief filed in the trial court, that aspect of the motion to dismiss seemed to be directed to the c. 93A claim, not the basic contract claim. The briefs on appeal did not touch on the c. 93A question and we have not considered it. The judgment is reversed and the case is to stand for trial.

*So ordered.*