Fremont-Smith, J.
Richard A. Cunningham (“Cunningham”) brought this action under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., against his former employer, the defendant, Ardrox, Inc. (“Ardrox”). Ardrox has moved for dismissal pursuant to Mass.R.Civ.P. 12(b)(2), (b)(3), and (b)(5). After considering the submissions of both parties, the court ALLOWS the motion.
BACKGROUND
Ardrox is a Delaware corporation with its principal place of business in La Mirada, California. It neither owns nor rents property in Massachusetts, nor does it have a postal address here. None of its directors or corporate officers reside in Massachusetts, and no directors’ or shareholders’ meetings are held in Massachusetts. Ardrox advertises its products in nationally circulated publications and has customers in Massachusetts that account for one to five percent of its annual sales.
Cunningham, a resident of Newburyport, Massachusetts, was originally hired by Ardrox to work in its Salem, *555 New Hampshire facility. After a number of transfers to various locations throughout the United States, Cunningham was transferred to Chicago, Illinois. While in Chicago in March of 1993, Cunningham purchased a condominium in Newburyport, Massachusetts with the ultimate goal of retiring there. He informed Ardrox’s president and vice-president of this fact.
Cunningham was terminated by Ardrox in Chicago on or around May 5, 1994. He brought this action on September 14th, 1994, claiming that his dismissal was in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. [1] In lieu of an answer, the defendant filed a motion to dismiss on three grounds: lack of personal jurisdiction, improper venue, and insufficient service of process.
DISCUSSION Lack of Jurisdiction
The facts of each controversy determine whether personal jurisdiction can be maintained over foreign defendants. Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 2-3 (1979). When the defendant is a nonresident, the court must determine (1) whether jurisdiction is authorized under the state’s long arm statute, G.L.c. 223A; and (2) whether its exercise comports with the due process requirements of the United States Constitution. Id. at 5-6; Tatro v. Manor Care, Inc., 416 Mass. 763 (1994).
To determine whether Ardrox’s motion to dismiss should be granted for lack of jurisdiction, the facts presented direct the Court to look first to M.G.L.c. 223A, §3(d):
A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equily arising from the person’s ... (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth.
Here, the only evidence that Ardrox “regularly does or solicits business, or engages in any other persistent course of conduct” in Massachusetts is its advertising in national publications and its Massachusetts customers, who account for from one to five percent of its annual sales. This evidence is insufficient to satisfy the statute. “Advertisements in general trade magazines which happen to circulate in the forum State, but which are not aimed at customers in a particular area, do not effect the requisite minimum contact.” Gunner v. Elmwood Dodge, Inc., 24 Mass.App.Ct. 96, 99 (1987), and cases there cited.
As for whether Ardrox derives “substantial revenues” from its Massachusetts business, the evidence indicates only that customers in Massachusetts account for from one to five percent of Ardrox’s annual sales. Since the evidence fails to quantify the dollar value of Ardrox’s Massachusetts business, the court is unable to determine whether those sales constitute “substantial revenues.” See Buckeye Associates u. Fila Sports, Inc., 616 F.Supp. 1484, 1493 (D.Mass. 1985) (evidence that Massachusetts sales “amounted to less than two percent [2%] of. . . total gross sales nationwide” did not suffice for court to conclude that such revenue was “substantial” for purposes of Section 3(d)); cf. Heins v. Wilhelm Loh Wetzkxr Optical Machinery GmbH & Co. KG., 26 Mass.App.Ct. 14, 20, 21 n.5 (1987) (although “there was no evidence presented as to the defendant’s total revenues!,].. . the evidence of local sales [at least one machine had been sold for $56,000.00 and additional machines had also been sold to a Massachusetts plant] permit[ted) a finding of substantial revenue in the absolute sense”).
Since the plaintiff has failed to establish that the defendant “regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered” in Massachusetts, G.L.c. 223A, §3(d), the plaintiff has not met his burden of establishing sufficient facts to support personal jurisdiction. See Good Hope Industries, Inc. v. Ryder Scott Co., supra, 378 Mass, at 2-3.
Moreover, it is doubtful whether Cunningham’s suffering a loss of income in Massachusetts, which resulted from his termination in Illinois, makes out “tortious injury in this commonwealth” for the purpose of establishing personal jurisdiction pursuant to G.L.c. 223A, §3(d). See Walsh v. National Seating Co., Inc., 411 F.Supp. 564 (D.Mass. 1976) (no jurisdiction over foreign bus seat manufacturer where accident in which plaintiff was injured occurred out of state, despite plaintiffs medical treatment, pain and suffering, and lost earnings in Massachusetts);[2] cf. Buckeye Associates v. Fila Sports, Inc., supra, 616 F.Supp. at 1493 (plaintiffs lost sales in Massachusetts caused by defendant’s tortious interference with plaintiffs prospective buyers in Massachusetts constituted “tortious injury in this commonwealth,” even though defendant’s tortious conduct occurred elsewhere).
In light of this Court’s finding that it has no jurisdiction over defendant Ardrox, the Court need not reach the issues of venue or service of process.
ORDER
For the reasons discussed above, it is hereby ORDERED that the motion to dismiss is ALLOWED.

 Cunningham was born on May 31, 1944.

The court pointed out, at 571:
“While it is undoubtedly true that plaintiff and his wife suffered in Massachusetts, this does not mean they were injured here. They suffered here as a result of an injury that occurred in Maine. To accept plaintiffs theory would mean that parties could choose their court by choosing their hospital or place of recuperation.” (Emphasis in original.)