Doerfer, J.
The plaintiff, Steven Phillips, as representative of the class of partners of Foley, Hoag, & Eliot (“FH&E”), brought this action against the defendants, the State of Rhode Island and Providence Plantations (“Rhode Island”), to collect monies allegedly due under a contract for legal services. Rhode Island has now moved to dismiss the complaint, pursuant to Mass.R.Civ.P. 12(b)(2), for lack of personal jurisdiction. For the reasons which follow, the defendants’ motion to dismiss is denied.
BACKGROUND
FH&E, a general partnership of lawyers, maintains its principal office in Boston, Massachusetts and a branch office in Washington, D.C. On May 1, 1990, Peter Palumbo (“Palumbo”), in his capacity as executive counsel to Rhode Island Governor Edward DiPrete (“DiPrete”), telephoned FH&E Attorney Gary C. Crossen (“Crossen”) in the FH&E Boston office and inquired about retaining FH&E to conduct an independent investigation and any necessary prosecutions in connection with the death of Peter Gilbert, a witness who died while in protective custody. Palumbo requested that Crossen come to Rhode Island to meet with Palumbo, DiPrete and others. (Aff. of Gary Crossen, ¶7.)
As a result of these conversations, Crossen, while in his Boston office, finalized and executed a letter of engagement (“the contract”) with regard to the Rhode Island investigation.[1] Id. at ¶7. Crossen then mailed the contract to DiPrete who executed it in Rhode Island. Id. Pursuant to this contract, FH&E allegedly provided services to Rhode Island from May 1990 to July 1993. Id. at ¶9. While Crossen made several trips to Rhode Island, the majoriiy of FH&E’s services were performed at FH&E’s Boston office. (Aff. of Gary Crossen, ¶10.) Crossen avers that Rhode Island offi *105 cials participated in approximately 23 telephone conferences with personnel in FH&E’s Boston office and sent 20 pieces of correspondence to FH&E’s Boston office. (Aff. of Gary Crossen, ¶¶12-13.) On two occasions, two investigators employed by Rhode Island travelled to Massachusetts to meet with Crossen in FH&E’s Boston office. (Aff. of Gary Crossen, ¶10.)
DISCUSSION
Personal jurisdiction of a nonresident defendant requires a two-step analysis. A court must first be able to exercise jurisdiction over a defendant pursuant to the state’s longarm statute. See G.L.c. 223A, §§3(a)-(g). The court must then consider whether the exercise of jurisdiction would be constitutional under the Due Process Clause. Good Hope Industries, Inc. v. Ryder Scott Company, 378 Mass. 1, 5-6 (1979); Morris v. Morris, 403 Mass. 1001 (1988) (rescript); Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Packard v. Packard, 34 Mass.App.Ct. 543, 548 (1993).
I.
The court can assert jurisdiction “over a person . . . as to a cause of action in law or equity arising from the person’s . . . transacting any business in this commonwealth.” G.L.c. 223A, §3(a). “For jurisdiction to exist under §3(a), the facts must satisfy two requirements — the defendant must have transacted business in Massachusetts, and the plaintiffs claim must have arisen from the transaction of business by the defendant.” Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994), citing Good Hope Industries Inc., supra at 10, n. 17.
‘The ‘transacting any business’ clause [in §3] has been construed broadly.” Tatro, supra at 767, citing Heins v. Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG, 26 Mass.App.Ct. 819, 824 (1989). “Although an isolated (and minor) transaction with a Massachusetts resident may be insufficient, generally the purposeful and successful solicitation of business of residents of the Commonwealth, by a defendant or its agent, will suffice to satisfy this requirement.” Tatro, supra at 767, citing Good Hope Industries, Inc., supra at 8, n. 13.
In Carlson Corporation v. University of Vermont, 402 N.E.2d 483 (1980), the University of Vermont (“the University”) asserted that it could not be subject to personal jurisdiction in Massachusetts in an action brought by a Massachusetts construction company on a construction contract. The parties agreed that the construction was wholly performed in Vermont, that the University had no offices or places of business in Massachusetts, that the University placed no advertisements nor solicited bids in any Massachusetts newspaper, and that the University’s building construction supervisor never dealt with the plaintiffs representatives in Massachusetts. Id. at 484. Nonetheless, the Supreme Judicial Court found personal jurisdiction to exist over the University on the sole ground that it had signed the construction contract in Massachusetts. Id. at 485.
In Haddad v. Taylor, 32 Mass.App.Ct. 332 (1992), the Supreme Judicial Court held that an action against a New York attorney was incorrectly dismissed for lack of personal jurisdiction even though the attorney had never stepped inside the Commonwealth. The Court found that the attorney had negotiated with the plaintiff and the plaintiffs Massachusetts attorney by mail and by telephone for the sale of land located in Massachusetts and held that these activities constituted a business transaction in Massachusetts for the purpose of the longarm statute. Id. at 333-35. The Court stated that it was not “determinative that the defendant was not physically present in Massachusetts” because “ [widespread use of the telephone and the mail has commonly replaced physical presence in negotiations.” Id.
Finally, in Gunner v. Elmwood Dodge, Inc., 24 Mass.App.Ct. 96 (1987), the Supreme Judicial Court held that the conduct of an automobile sales agency, in placing advertisements in Rhode Island newspapers which circulated in Massachusetts, in advertising on Rhode Island radio and telephone stations which were widely received in southeastern Massachusetts, and in mailing circulars to certain Massachusetts residents, constituted the transaction of business in Massachusetts for the purposes of the longarm statute, without any other Massachusetts contacts. Id. at 97-100. The Court found that, even though the defendant had concentrated its advertising campaign in Rhode Island, the object of its campaign was “surely to reach out from one State to create continuing relationships with customers of another State.” Id. at 101.
In the present case, Rhode Island purposefully chose to hire an out-of-state firm in order to ensure an independent investigation. Rhode Island entered into a contract drafted and executed by FH&E in Massachusetts. Rhode Island was aware that FH&E would perform most of its legal services in Massachusetts. Rhode Island then remained in constant contact with FH&E counsel by sending correspondence to Massachusetts and by participating in phone conversations with FH&E partners and associates. On at least two occasions, the defendant’s representatives travelled to Boston to meet with Crossen and other members of FH&E. “[IJnquiries into whether the exercise of personal jurisdiction is permissible in a particular case are sensitive to the facts of each case.” Good Hope Industries Inc., supra at 2 (citation omitted). The court concludes that, under the circumstances of this case, Rhode Island’s actions constitute “transacting business” in Massachusetts as that term has been broadly construed. Further, FH&E’s claim for unpaid legal fees clearly arises out of Rhode Island’s “transacting business” in Massachusetts within the meaning of G.L.c. 223A, §3(a).[2] Accordingly, the court may exercise jurisdiction over Rhode Island pursuant to the Massachusetts longarm statute. See G.L.c. 223A, §§3(a)-(g).
*106 II.
The court must next determine whether the assertion of jurisdiction is permissible under the Due Process Clause of the United States Constitution. Good Hope Industries, Inc., supra at 6-7. “The governing principle is the fairness of subjecting a defendant to suit in a distant forum. Only if the nonresident defendant has such ‘minimum contacts’ with the state ‘that the maintenance of the suit does not offend ‘traditional notions of fair play and justice,’ or if the defendant has performed some act ‘by which [it] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,’ may the forum, consistently with due process, extend its longarm to embrace it.” Good Hope Industries, Inc., supra at 7, quoting International Shoe Co. v. Washington, 326 U.S. 310 (1945); Hanson v. Denckla, 357 U.S. 235 (1958); McGee v. International Life Insurance Co., 355 U.S. 220 (1957) (citations omitted). “[A]n assertion of jurisdiction must be tested for its reasonableness, taking into account such factors as the burden on the defendant of litigating in the plaintiffs chosen forum, the State’s interest in adjudicating the dispute, and the plaintiffs interest in obtaining relief.” Tatro, supra at 773.
In the present case, Rhode Island affirmatively sought out counsel in Massachusetts and entered into a contract with a Massachusetts partnership. Rhode Island then remained in continual telephonic and written contact with FH&E for over three years. Under these circumstances, it does not offend traditional notions of fair play to assert jurisdiction over Rhode Island and it is fair and reasonable to require Rhode Island to defend this claim in Massachusetts. Further, because officials of the Rhode Island Attorney General’s office are also members of the Massachusetts bar and because Massachusetts is in close geographic proximity to Rhode Island, the burden on the defendants is minimal. Finally, the state of Massachusetts has an interest in ensuring that contracts entered into by Massachusetts residents are enforced. Accordingly, the court concludes that it can properly assert personal jurisdiction over the defendants.
ORDER
For the foregoing reasons, the Defendants State of Rhode Island and Providence Plantations’ Motion to Dismiss, pursuant to Mass.R.Civ.P. 12(b)(2), is DENIED.

The contract provided that Crossen and Attorney Anthony Mirenda (“Mirenda”) would provide services below their usual rates and that no other attorney working on this matter would charge more per hour than Crossen.

Rhode Island contends that Jaffe v. Julien, 754 F.Supp. 49 (E.D. Pa 1991), prevents the court from concluding that the requirements of the Massachusetts longarm statute have been satisfied. In Jaffe, a Pennsylvania attorney brought an action in Pennsylvania against a New York law firm alleging the breach of a referral agreement. The District Court granted the New York law firm’s motion to dismiss for lack of personal jurisdiction on the grounds that it conducted no business in Pennsylvania and that the underlying case had nothing to do with Pennsylvania. Jaffe is distinguishable however, because, in contrast to the present case, the defendant in Jaffe made no affirmative actions to approach the Pennsylvania firm, nor did the defendant travel to Pennsylvania or purposely conduct any act connected to Pennsylvania. More importantly, Jaffe was decided under the Pennsylvania longarm statute rather than the Massachusetts longarm statute.