Welsh, J.
This is an action based upon a “foreign” judgment.
The court allowed plaintiffs motion for summary judgment and awarded damages. The defendant appeals, claiming to be aggrieved by the court’s allowance of plaintiff’s motion and the denial of defendant’s cross-motion for summary judgment.
The appellant contends that the Maine judgment is not entitled to full faith and credit in this Commonwealth because the Maine courts lacked personal jurisdiction over the defendant, a Massachusetts corporation. We reject this contention and determine there was no error in the allowance of plaintiff’s motion for summary judgment.
In reviewing the defendant’s contention that there were not sufficient contacts with the State of Maine for the exercise of personal jurisdiction, we consider the facts relevant to the jurisdictional issue in a light most favorable to the plaintiff. Tatro v. Manor Care, Inc., 416 Mass. 763, 765 (1994); Alioto v. Marnell, 402 Mass. 36, 37 (1988).
We conclude that the assertion of personal jurisdiction over the defendant by the courts of the State of Maine comports with the requirements of G.L.c. 223A, §3(a), and that there was no error in the allowance of summary judgment for the *4 plaintiff.
It is axiomatic that the courts of the State of Maine, like those of this Commonwealth, may acquire personal jurisdiction over a non-resident defendant only on some basis for jurisdiction enumerated in the statute has been established. Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979). Once this threshold requirement is satisfied, it must be shown that the exercise of such jurisdiction comports with basic requirements of due process arising from the United States Constitution. Id. at 5-6.
The “transaction of any business” clause in §3 (a) of G.Lc. 223A has enjoyed a liberal construction in the courts of the Commonwealth. Solicitation of business in a purposeful manner may suffice to render what might otherwise be deemed an isolated and insignificant transaction permissible for the exercise of personal jurisdiction. See Gunner v. Elmwood Dodge, Inc., 24 Mass. App. Ct. 96, 99-100 (1987). Where the contract between the parties is associated with other forum-related activities even minor contacts are sufficient. Tatro, supra at 768. In contrast with cases like Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 153 (1978), the contacts with the State of Maine included the extending of a specific invitation to the Maine corporation to make a proposal, the submission of a written proposal in response to the invitation by the Maine corporation to the defendant, the execution and forwarding of a written copy of the proposal to the plaintiff corporation in Maine, the preparation and mailing by the Maine corporation of a sales order to the defendant in Massachusetts, the written acceptance thereof by the defendant, an exchange of visits by personnel of both corporations both in Maine and Massachusetts for furtherance of the agreement, and the performance of the engineering and manufacturing services in Maine by the plaintiff corporation. These forum-related activities are, in our view, adequate to satisfy the transacting business requirements of §3 (a) of G.L.c. 223A
It cannot be said that it is patently unfair or unreasonable to require that the defendant corporation litigate the matter in the courts of the State of Maine. As stated, there were exchanges of personnel to implement the agreements. There is a clear, if not compelling, inference that this defendant knew the engineering and manufacturing services would be done by the plaintiff corporation at its plant in Maine. Maine had a “manifest interest” in providing its domiciliaries means for redressing wrongs by others beyond its border. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985). We observe that the defendant was duly served with notice of the action in the Maine courts and did nothing either to defend the action or to challenge the validity of the exercise of Maine’s jurisdiction.
We conclude that there was a sufficient nexus between the claim, the litigation and the forum to warrant the assertion of jurisdiction in Maine over the defendant. There was no error in the allowance of the plaintiffs motion for summary judgment.
Appeal dismissed.
So ordered.