Gershengorn, Wendie I., J.
Plaintiff John D. White (White) filed this personal injury action alleging against defendant Jack Andrew Pollner (Pollner) in Count I negligent operation of a vehicle resulting in injury to White, and in Count II negligent operation resulting in injury to Brian White. Against Alpine Adventures, Inc. (Alpine), the plaintiffs allege in Count III negligent training of Pollner, and in Count IV misrepresentation of safety standards. The matter is before the court on defendants’ motion to dismiss for lack of personal jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2) and plaintiffs request for jurisdictional discovery.
As a threshold matter, in order to satisfy an assertion of personal jurisdiction under the Massachusetts longarm statute, G.L.c. 223A, §3(a), the plaintiff must show that (1) the defendant transacted business in Massachusetts, and (2) the plaintiffs claim arose out of the transaction of business in Massachusetts. Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994). This section is grounded in specific jurisdiction, that is, the plaintiffs claim must have arisen out of the defendant’s forum-based contacts. Id.[3]
White claims that Alpine transacted business for purposes of G.L.c. 223A, §3(a) by (1) maintaining an interactive website that could be viewed in Massachusetts and through which Massachusetts residents could make reservations and buy coupons and gift certificates; (2) advertising on the New England Gateway website and appearing on local television; and (3) acquiring substantial revenue as a result of soliciting business in Massachusetts, as evidenced by both the advertisements and the multiple testimonials from Massachusetts residents.
White was injured on August 13, 2006. There is evidence that, on July 17, 2006, Alpine wrote a check to Getaway Studios for advertising on Getaway’s website, and, on February 16, 2005, WHDH TV of Boston, Massachusetts (Channel 7), aired a segment featuring Alpine tour guide Randy Farwell. By themselves, these two isolated contacts with Massachusetts would be insufficient to constitute transacting business within the meaning of the statute. See Gunner v. Elmwood Dodge, Inc., 24 Mass.App.Ct. 96, 99 (1987).
Other evidence White provides to support his claim that Alpine transacted business in Massachusetts consists of printouts from Alpine’s website dated variously June 27, 2007, and July 3, 2007, almost a full year after White was injured. Of the testimonials printed from the website and dated before or around August 13, 2006, only three are from Massachusetts residents. Thus the court cannot tell if, at the time White was injured, the website was interactive and allowed viewers to make reservations, buy coupons and gift certificates, and included additional testimo *321 nials from Massachusetts residents. See Comer v. Comer, 295 F.Sup.2d 201, 209-10 (D.Mass. 2003) (passive website accessible by, but not directed to, forum state users not sufficient to exercise personal jurisdiction). Similarly, the printout from Getaway’s website, which includes a listing for Alpine Adventures Outdoor Recreation, is dated July 3, 2007.
White relies on Snyder v. ADS Aviation Maintenance, 2000 WL 145110 at *2, n.5 (Jan. 10, 2000) (citing Noonan v. The Winston Co., 135 F.3d 85, 95 (1st Cir. 1998)), for the proposition that the court can consider Alpine’s contacts with Massachusetts “up to and including the date the suit was filed.” In both Snyder and Noonan, however, the courts’ jurisdictional analysis was based on a general jurisdiction standard. See Noonan, 13 F.3d at 95 (“in general jurisdiction cases, district courts should examine a defendant’s contacts with the forum state over a period that is reasonable under the circumstances — up to and including the date the suit was filed — to assess whether they satisfy the ‘continuous and systematic’ standard”); Snyder, 2000 WL 145110 at *2. The relevant analysis here, on the other hand, is whether Alpine had sufficient contacts to satisfy specific jurisdiction, and “contacts must generally be limited to those before and surrounding the accrual of the cause of action.” Harlow v. Children’s Hosp., 432 F.3d 50, 61 (1st Cir. 2005). The holdings in Snyder and Noonan in this regard are thus inapplicable.
For the foregoing reasons, it is ORDERED that defendants’ motion to dismiss be DENIED at this time. It is also ORDERED that the plaintiff be ALLOWED targeted and limited discovery to address the jurisdictional issue only.

General jurisdiction exists when the litigation is not directly founded on the defendant’s fomm-based contacts, but the defendant has engaged in “continuous and systematic activity, unrelated to the suit, in the forum state.” Connecticut Nat'l Bank v. Hoover Treated Wood Prods., Inc., 37 Mass.App.Ct. 231, 233 n.6 (1994).