A. DOUGLAS HADDAD *vs.* KEITH A. TAYLOR.

No. 90-P-887.

Worcester. November 20, 1991. - March 30, 1992.

Present: DREBEN, SMITH, & IRELAND, JJ.

*Jurisdiction*, Nonresident, Long-arm statute. *Due Process of Law*, Jurisdiction over nonresident. *Real Property*, Sale. *Words*, "Transacted business."

A civil action against a New York attorney was incorrectly dismissed under Mass.R.Civ.P. 12 (*b*)(2), for lack of personal jurisdiction, where the defendant had "transacted business" in the Commonwealth for the sale of Massachusetts real estate within the meaning of G. L. c. 223A, § 3 (*a*), and where the exercise of personal jurisdiction over the defendant would not result, in the circumstances, in a denial of due process rights under the Constitution of the United States. [334-336]

CIVIL ACTION commenced in the Superior Court Department on June 30, 1989.

The case was heard by *George C. Keady, Jr.*, J., on a motion to dismiss.

*John W. Spillane* for the plaintiff.

*Robert T. Gill* (*Christopher G. Betke* with him) for the defendant.

DREBEN, J. This is an appeal from a dismissal of an action for lack of personal jurisdiction, Mass.R.Civ.P. 12(b)(2), 365 Mass. 755 (1974), against a New York attorney. The defendant was the holder of a power of attorney from Manuelle Van Den Bogaèrde, executed in England, reciting that it was "intended to constitute a General Power of Attorney pursuant to Article 5, Title 15 of the New York General Obligations Law." At all material times Bogaerde resided in Great Britain or Portugal.

Since the question of personal jurisdiction is "sensitive to the facts of each case," *Good Hope Indus., Inc.* v. *Ryder*

*Scott Co.*, 378 Mass. 1, 2 (1979), we turn to the facts alleged in the complaint and the matters set forth in the defendant's two affidavits. We also examine the power of attorney. That instrument authorized the defendant "to act in my name, place and stead in any way which I myself could do, if I were personally present, with respect to the following matters [as defined in the New York statute, *supra*] to the extent that I am permitted by law to act through an agent:

(A) real estate transaction;

(B) chattel and goods transactions;

(C) [crossed out];

(D) banking transactions;

(E) [crossed out];

(F) insurance transactions;

in connection with sale of real property situated at Barnes Road, in Oak Bluffs, Dukes County, Commonwealth of Massachusetts . . . , including without limitation, negotiation of terms and provisions of sale transaction, execution of Contracts, Deeds, Assignments and other Agreements, and effecting of Contracts, Deeds, Assignments and other Agreements, and effecting a closing and distribution of proceeds; in addition to the foregoing, the same shall apply to the disposition and sale of any and all personal property located at said premises." The power of attorney also included a clause indemnifying any third person against any claims by reason of having relied on the instrument.

The complaint alleged that the plaintiff "had cemented" the terms of a real estate transaction to purchase Bogaerde's real estate, that he had deposited $2,000 as well as an additional $18,000 with the defendant, and that the defendant had deceptively frustrated that transaction in violation of G. L. c. 93A. The plaintiff also alleged that, in reliance on the agreement, he had caused a survey of the land to be made, had a title abstract prepared, and had obtained clearance from the issuer of title insurance for title insurance.

The defendant acknowledged that he had negotiated by telephone from New York with the plaintiff, that he had forwarded to him in Massachusetts a purchase and sale agree-

ment, and that the plaintiff's lawyer had sent to the defendant (from Massachusetts) another draft of the agreement. He claimed that the negotiations had terminated without an agreement and that he had returned to the plaintiff's lawyer the plaintiff's checks. If an oral agreement had been reached with a real estate agent, he insisted the agent was without authority. All negotiations were by telephone or mail and the defendant never traveled to Massachusetts while they were pending.[1]

Whether the exercise of personal jurisdiction over a nonresident defendant is permissible presents generally "a twofold inquiry: (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?" *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. at 5-6. *Heins* v. *Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG*, 26 Mass. App. Ct. 14, 16 (1988). The two questions may converge since G. L. c. 223A "functions as 'an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States.'" *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, *supra* at 6, quoting from *"Automatic" Sprinkler Corp. of America* v. *Seneca Foods Corp.*, 361 Mass. 441, 443 (1972).

We first undertake the statutory inquiry. General Laws c. 223A, § 3(*a*) and (*e*) (1988 ed.), the subsections relied on by the plaintiff, provide:

"A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

   (*a*) transacting any business in this commonwealth;

   . . .

---

[1]The defendant claimed the instrument which he termed a "limited Power of Attorney . . . excluded any aspect of litigation concerning the property." New York Gen. Oblig. Law § 5-1502A(10) (McKinney 1989), however, provides that a statutory short form power of attorney with respect to real estate transactions (such as the present instrument) "must be construed" to include certain broad powers, one of which is the power "to prosecute, to defend, to submit to arbitration, to settle . . . any claim . . . ."

(e) having an interest in, using or possessing real property in this commonwealth . . . ."

The term "transacting business" is broadly construed, see *Bond Leather Co.* v. *Q.T. Shoe Mfg. Co.*, 764 F.2d 928, 931 (1st Cir. 1985), and "applies to any purposeful acts by an individual, whether personal, private, or commercial." *Ross* v. *Ross*, 371 Mass. 439, 441 (1976). The Supreme Judicial Court has suggested that even in two cases where the contacts with the Commonwealth were held to be constitutionally insufficient (*"Automatic" Sprinkler Corp. of America* v. *Seneca Foods Corp.*, 361 Mass. 441 [1972], and *Droukas* v. *Divers Training Academy, Inc.*, 375 Mass. 149 [1978]), "the defendants might be viewed literally as having 'transacted business' " within the Commonwealth. *Good Hope Indus., Inc.*, 378 Mass. at 8 n.13.

In the case at bar, the defendant negotiated with the plaintiff for the sale of land located in Massachusetts. He spoke on the telephone with the plaintiff (who was in the Commonwealth) as well as with his Massachusetts attorney, and wrote to that attorney in Massachusetts. The cause of action arose out of those negotiations and negotiations with a Massachusetts real estate broker hired by the defendant.[2] That the defendant acted only as agent, *Kleinerman* v. *Morse*, 26 Mass. App. Ct. 819, 824-825 (1989); *Berkeley PG Corp.* v. *Southbank Inv. Group*, 291 S.C. 315, 318, 320 (1987), and that he claims no binding contract was consummated is not dispositive. See *Berkeley PG Corp.* v. *Southbank Inv. Group*, 291 S.C. at 317, 319. Nor is it determinative that the defendant was not physically present in Massachusetts. Widespread use of the telephone and the mail has commonly replaced physical presence in negotiations. *Good Hope Indus., Inc.*, 378 Mass at 11.

---

[2]New York Gen. Oblig. Law § 5-1502A(11) (McKinney 1989) provides that the short power of attorney "must be construed to mean that the principal authorizes the agent: To hire . . . any attorney . . . or other assistant or assistants when the agent shall think such action to be desirable for the proper execution by him of any of the powers described in this section . . . ."

What is significant "is that the defendant's contacts with the forum were deliberate and not fortuitous, such that 'the possible need to invoke the benefits and protections of the forum's laws was reasonably foreseeable, if not foreseen, rather than a surprise.' " *Ibid.*, quoting from *Product Promotions, Inc.* v. *Cousteau,* 495 F.2d 483, 496 (5th Cir. 1974). This is particularly so where, as here, the negotiations had substantial connection with Massachusetts, namely a contract for the sale of real estate in Massachusetts. See *Columbia Briargate Co.* v. *First Natl. Bank,* 713 F.2d 1052, 1058 (4th Cir. 1983), cert. denied sub nom. *Pearson* v. *Columbia Briargate Co.,* 465 U.S. 1007 (1984); *Berkeley PG Corp.* v. *Southbank Inv. Group,* 291 S.C. at 319.

The subject matter of the transaction is also of importance in determining the second branch of our inquiry, that is, whether the exercise of personal jurisdiction meets due process considerations. See *Wolfman* v. *Modern Life Ins. Co.,* 352 Mass. 356 (1967) (contract of insurance); *Quasha* v. *Shale Dev. Corp.,* 667 F.2d 483, 486-487 (5th Cir. 1982) (real property). We conclude that "the exercise of personal jurisdiction over the defendant would be neither so unfair nor so unreasonable as to result in a denial of due process." *Good Hope Indus., Inc.,* 378 Mass. at 12. See generally *Heins* v. *Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG,* 26 Mass. App. Ct. at 22-27. Massachusetts has a legitimate interest in providing a forum for this action. The land is located here, the defendant conducted negotiations in Massachusetts by telephone and mail, and the broker hired by the defendant, through whom the plaintiff learned of the availability of the land and with whom he may have negotiated, was also located here.[3]

---

[3]There is also pending in Massachusetts an action against Bogaerde arising out of the same negotiations.

Accordingly, the judgment of dismissal on the basis of Mass.R.Civ.P. 12(b)(2), is reversed.[4]

*So ordered.*

---

[4]The parties have not argued, and we do not reach, the question whether the action could be dismissed under Mass.R.Civ.P. 12(b)(6). We also do not consider the applicability, if any, of G. L. c. 223A, § 3(*e*).