Fremont-Smith, J.
In this lawsuit, the plaintiff law firm has sued defendant for unpaid legal fees in excess of $1 million for work performed largely by the law firm’s attorneys working at its Boston law offices at One International Place. Defendants have moved to dismiss pursuant to Mass.R.Civ.P. 12(b)(2) and (3), for lack of personal jurisdiction and improper venue.
For purposes of this motion, the Court finds that the following facts have been established by the plaintiff:
In November 1996, Thomas F. Holt, Jr., a partner in plaintiffs Boston office, received a telephone call from defendant’s chief financial officer respecting the possible representation of defendants in an environmental litigation in Virginia, in which defendants were being sued for in excess of $30 million for environmental contamination. Holt had been contacted by defendants on the advice of the brother of defendants’ chief financial officer, based upon Holt’s personal expertise in environmental litigation. After entering into a retention agreement drafted by Holt on his Boston office stationery, Holt and other lawyers at his Boston office expended over 7,800 hours of legal work in drafting pleadings, conducting depositions, and finally, in trying the case in the Virginia court. As a result of this work, they secured a directed verdict in favor of the *435 defendants at the trial, which was subsequently affirmed on appeal.
Defendants contend that because they are not incorporated or licensed to do business in Massachusetts, and because some of the legal work performed by the Boston attorneys (and other of plaintiffs attorneys located in its Washington, D.C. office) was performed outside of Massachusetts, their contacts with Massachusetts were insufficient to confer jurisdiction upon the Massachusetts courts.
The Court disagrees. Not only did defendants specifically seek out Holt because of his reputation and ability, but they were fully aware that the legal work entailed in the defense of the underlying action would be performed by Boston attorneys and be largely done at plaintiffs Boston law office. Not only was 78 percent of the total time expended on the matter recorded by attorneys working at and resident in plaintiffs Boston office, but there were numerous other contacts by defendants with Massachusetts. Not only was Holt contacted and the retainer agreement drafted in Boston, but defendant’s chief financial officer, on at least two occasions, came to Boston to confer with him. There were also multiple telephone conversations, faxes, e-mails and other correspondence between defendants and plaintiffs Boston attorneys. Furthermore, after the successful resolution of the underlying case, defendant’s chief executive officer called Holt numerous times at his Boston office, to assure him that the balance of plaintiffs legal fees (over $ 1 million) would be paid. Holt relied on these assurances, which he received in Boston, to perform additional legal work here, until he later received, in Boston, a letter from another Boston attorney acting on behalf of defendants, repudiating their earlier promises to pay plaintiff in full for the services rendered.
G.L.c. 223A, §3, provides, in relevant part, that “a court may exercise personal jurisdiction over a person, who acts directly or by agent, as to a cause of action in law or in equity arising from the person’s (a) transacting any business in this Commonwealth.” This provision has been interpreted broadly to the extent that “a single act within the forum . . . may be sufficient to warrant the assertion of jurisdiction over a defendant.” Morrill v. Tong, 390 Mass. 120, 132 (1983) [dicta). There are numerous cases in which G.L.c. 233A, §3 jurisdiction has been asserted as a result of a defendant having mailed letters and placed telephone calls to Massachusetts, even in the absence of any physical presence here of a defendant. See, e.g., Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc., 764 F.2d 928, 932 (1st Cir. 1985); Hahn v. Vermont Law School, 398 F.2d 48, 51 (1st Cir. 1983); Nova Biomedical Corp. v. Moller, 629 F.2d 190, 193 (1st Cir. 1980); Haddad v. Taylor, 32 Mass.App.Ct. 332, 335 (1992).
Here, of course, defendants did have numerous contacts with Massachusetts by telephone, fax, and correspondence, and made personal visits to Boston in connection with the Virginia litigation and also to confer with another Boston lawyer concerning related insurance coverage litigation. Moreover, defendants derived substantial economic benefit from their transaction of business in Massachusetts, having won as a result, a directed verdict in the Virginia environmental case, in which they might otherwise have been liable for more than $30 million in damages. The legal fees generated, moreover, were sufficient to have a significant impact on Massachusetts commerce. Defendants also knew that the case was to be primarily staffed by attorneys in plaintiffs Boston office, and could reasonably expect that their nonpayment of legal fees would result in their being “hailed into a Massachusetts court.” Thus, the requirements of due process, as well as those of the long-arm statute, are met. See International Shoe v. Washington, 326 U.S. 310, 320 (1945), and the cases cited above.
Defendants’ contacts with plaintiff, moreover, were far more extensive than that of the defendants in the cases cited by them in their brief and reply brief. Thus, in Nichols Assocs., Inc. v. Starr, 4 Mass.App.Ct. 93 (1973), at least half of the survey work and all of the field work done by the plaintiff had been performed in Connecticut, and at no time had defendant traveled to plaintiffs offices in Massachusetts. Nor was it contemplated by defendant that plaintiff would perform any services in Massachusetts. The case at bar, on the other hand, is to the contrary in all respects. In Telco Communications, Inc. v. New Jersey State Firemen’s Mutual Benevolent Assoc., 41 Mass.App.Ct. 225 (1996) (where plaintiff had provided fund raising services to defendant for the promotion of the interests of firefighters in New Jersey), the Court found that, although the contract contemplated that the plaintiff would print a publication in Massachusetts, this work was never performed, and all of the work which was actually performed was done in New Jersey. In those circumstances, the Court held that “some (Massachusetts) telephone and other communications between the parties largely about operations in New Jersey” were insufficient, by themselves, to establish jurisdiction. Here, on the other hand, 78 percent of the work performed by plaintiff was done in Massachusetts, and, like the situation in Good Hope Industries v. Ryder Scott Co., 378 Mass. 1 (1979), cited by defendants, defendants did “engage in an enterprise of substantial dimension and duration with a parly whose business headquarters were known to be in Massachusetts.” Id., at 9.[1]
Nor have defendants shown facts which would warrant a change of venue. Although some of the witnesses and documents which could be necessary for this trial may be located at defendants’ headquarters, such documents can be made available for inspection and copying there, and defendants’witnesses can be made available for their depositions there. Plaintiffs witnesses and documents, of course, are *436 located primarily in Boston and counsel and such documents can be made available for inspection and copying in Boston, and such witnesses be made available for their depositions in Boston. Not only can most of the inconvenience to each side be avoided by reasonable accommodation between counsel, but there is nothing to indicate that any necessary witnesses will be greatly inconvenienced by a trial here.[2] In short, the criteria for a change of venue are absent.
ORDER
Accordingly, defendant’s motion to dismiss the complaint is DENIED.

Defendants certainly knew that plaintiffs “headquarters,” for purposes of their work on the defendants’ environmental litigation, was plaintiffs Boston branch law office, and, although they knew that plaintiff had a branch office closer to them (in Washington, D.C), they specifically sought out and hired a Boston attorney whose legal work would obviously be done, for the most part, at his Boston law office. The fact that defendants may also have expected that plaintiffs Washington office would provide some logistical support for the Virginia litigation, is of no consequence.

Witnesses who may be beyond the reach of subpoena for a Boston trial can, of course, be deposed outside of Massachusetts, and their depositions used here at trial.