Welsh, J.
The issue in this case is whether there exists a basis for the exercise of personal jurisdiction under G.L.c. 223A, §3 (a).
The plaintiff, MCL Associates, Inc. (“MCL”), a Massachusetts corporation having a usual place of business in Canton, Mass., brings this action for breach of contract, breach of the implied covenant of “good faith,” and for a violation of G.L.c. 93A, against Heidelberg Web Systems, Inc. (“Heidelberg”), a Delaware corporation with a principal place of business in New Hampshire.
Heidelberg has no place of business in Massachusetts, nor does it own real estate or other assets here. Heidelberg is engaged in the business of the manufacture and sale of web presses. Although Heidelberg occasionally sells web presses in Massachusetts, the contract sub judice is not concerned with the sale or delivery of web presses. The plaintiff is engaged in the business of discovery, location and recovery of unclaimed, uncollected or uncashed funds from government agencies and location of the beneficial owners of such claims. It contracts with the owners to collect the sums due for a fee based upon a percentage of the amount collected.
In the Fall of 1998, the plaintiff contacted the defendant at its place of business in New Hampshire. The defendant accepted the plaintiffs written proposal in New Hampshire to collect an account due the defendant from the State of Illinois. A letter of authorization was sent by Heidelberg to MCL to initiate the recovery process. Pursuant to the agreement, the plaintiff contacted the comptroller of the State of Illinois as part of the “recovery process.” The contacts with the comptroller in Illinois were made from plaintiffs Canton office. The complaint alleged that Heidelberg breached the contract by preventing the plaintiff from proceeding further.
We conclude that the facts presented are insufficient for the exercise of personal jurisdiction under G.L.c. 223A, §3(a).
Fully cognizant that a fact-sensitive inquiry is required in each case, we begin our inquiry as to whether or not there were sufficient contacts in this Commonwealth in the conduct of the defendant’s business to warrant the imposition of personal jurisdiction. Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 2 (1979), citing Great Western United Corp. v. Kidwell, 577 F.2d 1256 (5th Cir. 1978). A qualitative as well as quantitative analysis of activities engaged in by the defendant is required. Of particular importance in assessing the sufficiency of the defendant’s activities in this state for purposes of submitting to personal jurisdiction is whether the defendant “purposefully” engaged in activities in Massachusetts. See Haddad v. Taylor, 32 Mass. App. Ct. 332, 225 (1992). The defendant is a Delaware corporation with a plant in New Hampshire in the business of manufacturing web presses. Although some web presses were sold in this state, the trans *148 action upon which this course of action is based does not relate in any way to the sale or delivery of defendant’s products in Massachusetts. Rather, the plaintiffs engagement was to collect past due and possibly overlooked accounts receivable for a fee based upon a percentage of the amount collected. The contract was entered into in New Hampshire. There was no exchange of visits between personnel of MCL and Heidelberg. While there was occasional correspondence relative to the “recovery process,” this was incidental at best to the main purpose of the contract.
While the “recovery” process was conducted chiefly by correspondence from the plaintiffs office in Canton, Mass., there was no requirement that the business be done from this state. From the defendant’s viewpoint, a specific result was the object of the contract, viz, the recovery of lost or forgotten accounts. The defendant neither superintended nor chose the means or manner the plaintiff used to accomplish this end. In this case, the effect of the non-resident defendant’s activity on the commerce of the Commonwealth was negligible. Droukas v. Divers Training Academy, Inc., 375 Mass. 149 (1978) .[1] The defendant did not engage in a series of activities or a course of conduct that amounts to a purposeful availing of the privilege to conduct activities in the forum state, thus invoking the benefits or protection of its laws. Hansen v. Denckla, 357 U.S. 235, 253 (1958). See “Automatic" Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441, 444 (1972).
We conclude that the activities of the defendant in this Commonwealth are too attenuated to afford a basis for the exercise of personal jurisdiction.
The order denying the motion to dismiss is vacated. A judgment is to enter dismissing the action for want of personal jurisdiction.
So ordered.

 “General Laws c. 223A, §3(a), gives rise to jurisdiction over the defendant as to the plaintiffs cause of action if the alleged breach of [contract] is found to have arisen from the defendant’s ‘contracting to supply services or things in this Commonwealth.’” The cause of action cannot be said to arise from the defendant’s transacting of business in this Commonwealth.