Fremont-Smith, J.
INTRODUCTION
This matter is before the court on the defendant, Video Update, Inc.’s (“Video Update"), motion to dismiss for lack of personal jurisdiction pursuant to Mass.R.Civ.P. 12(b)(2). Plaintiff, U.S. Plastics, Inc. (“U.S. Plastics”) brought this action against Video Update for breach of contract, quantum meruit and a violation of G.L.c. 93A. U.S. Plastics alleges that they provided goods and services to Video Update and that Video Update has to date failed to pay the outstanding balance of $141,434.80.
After hearing and consideration of all submissions and for the reasons discussed below, the defendant’s motion to dismiss for lack of personal jurisdiction is DENIED.
BACKGROUND
U.S. Plastics is a Massachusetts corporation with its principal place of business in Lynn, Massachusetts. Video Update is incorporated in Minnesota with a usual place of business in St. Paul, Minnesota and owns, operates and franchises video specialty stores throughout the United States and Canada.[1] Video Update also maintains a web site which advertises *176 movies, games, career opportunities, stock information, and franchise opportunities.
Sometime in 1998, Video Update entered into an agreement in Minnesota with an agent of U.S. Plastics for the purchase of plastic bags. From March 2, 1998 through June 1, 1999 Video Update ordered approximately 29,000,000 plastic bags from U.S. Plastics totaling $328,497.30 of goods and services. Video Update made payments in the amount of $187,062.50 and has an outstanding balance of $141,434.80. All of the plastic bags were manufactured and shipped directly from U.S. Plastics in Massachusetts to Video Update. In addition, all invoices were sent directly from U.S. Plastics to Video Update and all payments were made from Video Update directly to U.S. Plastics in Massachusetts.
On August 23, 1999, after the $141,434.80 had been overdue for nine months, U.S. Plastics sent a demand letter to Video Update. There ensued correspondence and telephone conferences directly between the parties in an attempt to settle the dispute.
Video Update has moved to dismiss the Complaint against them alleging that this court does not have personal jurisdiction over them because no business was conducted in Massachusetts in that it does not advertise or solicit business in Massachusetts and has had limited direct contact with U.S. Plastics.
DISCUSSION
In order to find personal jurisdiction, the court must determine (1) whether jurisdiction is authorized under the state’s longarm statute, G.L.c. 223A, §3 (a-g); and (2) whether the exercise of such jurisdiction comports with the due process requirements of the United States Constitution. See Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Johnson Creative Arts, Care, Inc. v. Wool Masters, Inc., 573 F.Sup. 1106, 1109 (D.Mass. 1983); and Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979).
The determination of whether the exercise of personal jurisdiction is permissible is “sensitive to the facts of each case” and the “plaintiff bears the burden of establishing sufficient facts on which to predicate jurisdiction over the defendant.” Haddad v. Taylor, 32 Mass.App.Ct. 332, 332-33 (1992); Good Hope, supra at 2-3.
I. The Massachusetts Longarm Statute
According to G.L.c. 223A, §3(a), “a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s transacting any business” in Massachusetts. In addition, “the plaintiffs claim must have arisen from the transaction ofbusiness by the defendant.” Tatro, supra at 767. The term “transacting business” maybe broadly construed and applies to “any purposeful acts by an individual, whether personal, private or commercial.” Nelmor Co., Inc. v. Plastic Injectors, Inc., 2 Mass. L. Rptr. 517, 1994 WL 879582 (Mass. Superior Court, Toomey, J.), quoting Haddad, supra.
In Good Hope the Supreme Judicial Court held that the defendant’s sending of periodic appraisals to plaintiff, engaging in telephone communications with plaintiff, the mailing of monthly invoices to plaintiff and accepting payments by check from the plaintiffs Massachusetts bank account, taken together, constituted “conducting business” in Massachusetts. Supra, at 6. In the present case, Video Update had an ongoing relationship with U.S. Plastics which lasted for over a year, during which time millions of plastic bags were manufactured and shipped from Massachusetts to the defendant, the invoices for which were then sent to Video Update from U.S. Plastics, and payment for a substantial portion thereof was made by Video Update to U.S. Plastics in Massachusetts. The transactions totaled over $300,000.00 and payments over $187,000.00.[2]
Given these facts, it is fair to say that Video Update “conducted business” in Massachusetts within the meaning of the statute. Here, as in Good Hope, defendant “had engaged in an enterprise of substantial dimension and duration with a party whose business headquarters [was] known to be in Massachusetts.” Id. at 9. While Video Update was never physically present in Massachusetts and did not originally solicit the business, this is not determinative since the contract was performed in Massachusetts and the “widespread use of the telephone and the mail has commonly replaced physical presence.” Haddad, supra at 335-36; Good Hope, supra at 11. In such circumstances, the Supreme Judicial Court has found “non-dispositive” the fact “that the plaintiffs made the initial solicitation with respect to the transactions.” Good Hope, supra at 11. The situation here is also distinguishable from that in Automatic Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441 (1972), where the court found that defendant’s non-solicitation of the transaction was dispositive where defendant had made only a single payment of $3,000.00 on the invoices in confirmation of the purchase order, but had engaged in no transaction of any substantial dollar amount or duration.
Nor can it be said that, after more than a year of conducting substantial business with a Massachusetts company in the manner described above, plaintiffs invocation of Massachusetts law in a Massachusetts court, upon non-payment by the defendant, could have been unforeseen or given rise to any surprise on the part of the defendant. See Haddad, supra at 335-36; Good Hope, supra at 10.
II. Due Process Analysis
In addition to meeting the statutory requirement, the inquiry into personal jurisdiction must also meet Constitutional requirements of due process. Jurisdiction is proper under the due process clause of the Fourteenth Amendment if the defendant has “ ‘mini *177 mum contacts’ with the forum state such that maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’ ” Digital Equipment Corp. v. Alta Vista Tech., Inc., 960 F.Sup. 456, 468 (D.Mass. 1997), citing International Shoe Co. v. Washington, 326 U.S. 310, 314 (1945). Moreover, the defendant must “purposely avail itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protections of its laws.” Hanson v. Denckla, 357 U.S. 235, 253 (1958); see Digital Equipment, supra at 468. Lastly, the defendant should be able to “reasonably anticipate being haled into court [here].” World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980); Bartow v. Extec Screens and Crushers, Ltd., 53 F.Sup.2d 518, 522 (D.Mass. 1999).
Video Update argues that it did not “purposely avail” itself of the privilege of conducting activities in Massachusetts because it did not solicit U.S. Plastics, but rather U.S. Plastics, through an agent in Minnesota, solicited its business. Just as this fact was not dispositive in Good Hope, 378 Mass, at 11, it is not dispositive here, in view of its prolonged and substantial receipt of goods manufactured here. Video Update could have taken steps to avoid defending a claim in Massachusetts, such as negotiating a forum selection clause with U.S. Plastics, or could have simply declined to conduct business with a Massachusetts company if it “did not desire to expose itself to a claim of Massachusetts jurisdiction.” Id at 12. Moreover, having knowingly and purposefully engaged in transactions with a Massachusetts plaintiff, for a period of over fifteen months, it could not but have foreseen the possibility of being “haled into court” here if it refused to pay for the goods shipped to it. Accordingly, as in Good Hope, while defendant “maybe inconvenienced by litigation in the Commonwealth ... we cannot say that the degree of hardship would rise to the level of a constitutional violation.” Id., at 12.
ORDER
Accordingly, for the reasons stated above, the motion of defendant Video Update to dismiss is DENIED.

 None of these stores are alleged to be located in Massachusetts.

 In addition to these contacts, U.S. Plastics has argued that the defendant has further contacts with Massachusetts through a national web site which it maintains. However, the maintenance of the web site by the defendant did not give rise to the present action and no evidence has been produced as to the existence of the web site in 1998. The cases cited which rely on business done by Web site are thus irrelevant to the situation here.