Smith, J.
This matter is before the court on the motion of the defendant, Mansfield and Sons, Inc. (“Mansfield”), to dismiss the complaint brought by the plaintiff, Clear Creek Environmental, LLC (“Clear Creek”), for lack of personal jurisdiction. The action seeks damages arising out of Mansfield’s alleged breach of a promissory note. Mansfield contends that its contacts with the Commonwealth are insufficient to satisfy either the Massachusetts long-arm statute, G.L.c. 223A, §3, or Constitutional due process. Clear Creek opposes the motion. For the reasons set forth below, the defendant’s motion to dismiss is ALLOWED.

BACKGROUND

When determining whether an exercise of personal jurisdiction is proper, the Court is mindful that each case turns upon its own unique facts. See Good Hope Indus., Inc. v. Ryder Scott, 378 Mass. 1, 2 (1979); Droukas v. Drivers Training Acad., 375 Mass. 149, 156-57 (1978). The plaintiff bears the burden of proving sufficient facts to support an exercise of jurisdiction when confronted with a motion to dismiss for lack of personal jurisdiction. Droukas, 375 Mass. at 151; Nichols Assoc., Inc. v. Starr, 4 Mass.App.Ct. 91, 93-94 (1976). In the context of a motion to dismiss under Mass.R.Civ.P. 12(b)(2), the Court may consider affidavits and exhibits alleging facts that bear on the issue of jurisdiction. See New Hampshire Ins. Guar. Ass’n v. Markem Corp., 424 Mass. 344, 347-49 (1997). Both parties have submitted affidavits and exhibits to support the motion and opposition. The relevant facts set forth by the parties in the supporting affidavits and exhibits are set forth below.
Clear Creek is a Delaware limited liability company with its principal place of business in Annapolis, Maryland. Clear Creek was engaged in the business of servicing septic systems in Maryland. In March of 2002, Wind River Environmental, LLC (“Wind River”), acquired all of Clear Creek’s assets. Wind River is a Delaware limited liability company with a principal place of business in Hudson, Massachusetts. Soon after acquiring Clear Creek’s assets, Wind River transferred all of Clear Creek’s administrative functions to its facility in Massachusetts. From March of 2002, to January of 2003, Clear Creek continued servicing septic system customers in Maryland.
Mansfield is a Maryland corporation with its principal place of business in Cordova, Maryland. Mansfield has offered septic and sewage drain care services in Maryland since 1961. Mansfield has no clients, property, or other interests outside of Maiyand; nor does it advertise outside of Maryland.
In late 2001, Mansfield sold its assets to Clear Creek in exchange for a promissory note. When Clear Creek defaulted on the note in December of 2002, Mansfield sued Clear Creek in Maryland for nonpayment of the note and obtained an Order of Confessed Judgment from a Maryland court. Also in December of 2002, Mansfield negotiated a buy-back of its assets from Clear Creek. Mansfield arranged the buy-back through Wind River, who had solicited Mansfield with an offer to sell back the Clear Creek assets. All of the negotiations regarding the buy-back transaction took place via telephone. At all times during the telephone negotiations, Mansfield’s agents remained in Maryland, while Wind River’s remained in Massachusetts. *60 Wind River’s agent drafted the terms of the asset purchase agreement and prepared the document in Massachusetts; however, Mansfield’s agent signed the agreement in Maryland. As part of the asset purchase agreement, Mansfield executed, in Maryland, a promissory note in favor of Clear Creek. Although Clear Creek is the note obligee, Mansfield’s payments on the note are to be remitted to Wind River’s office in Massachusetts. The note also contains a Massachusetts choice of law provision.
The substance of Clear Creek’s complaint alleges that Mansfield breached the promissory note by wrongfully withholding payment. Wind River is not a party to this lawsuit.

DISCUSSION

Whether the exercise of jurisdiction over a nonresident defendant is proper generally presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by the statute, and (2) if authorized, is the exercise of jurisdiction under state law consistent with basic due process requirements mandated by the United States Constitution. Haddad v. Taylor, 32 Mass.App.Ct. 332 (1992). The Massachusetts long-arm statute states as follows: “a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s (a) transacting any business in this commonwealth . . .” G.L.c. 223A, §3. The “transacting any business” requirement of G.L.c. 223A, §3, should be read broadly in accordance with the view that the Massachusetts long-arm statute is an “assertion of jurisdiction to the limits allowed by the Constitution of the United States.” Tatro v. Manor Care, Inc., 416 Mass. 763, 771 (1994), quoting Good Hope Indus., Inc. v. Manor Care, Inc., 378 Mass. 1, 6 (1979).
For both the statute and its intrinsic constitutional constraints, the analysis centers on “whether there was some minimum contact with the Commonwealth which results from an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State to defend the action.” Good Hope, 378 Mass, at 7.
At the outset, the defendant’s conduct must fall within the literal terms of the long-arm statute. Before reaching constitutional due process concerns, the court must determine whether the plaintiff has set forth facts establishing some basis for jurisdiction enumerated in the statute. Telco Communications, Inc. v. New Jersey State Fireman’s Mutual Benevolent Assoc., 41 Mass.App.Ct. 225, 230 (1996). The Court must decline jurisdiction if at least one of the statutory grounds is not met. Good Hope, 378 Mass, at 6. Thus, Clear Creek must point to facts demonstrating that Mansfield transacted business within the Commonwealth, as Clear Creek relies upon the “transacting business” statutory grounds to establish personal jurisdiction.
With respect to the facts giving rise to the present action, Mansfield’s contacts with the Commonwealth were minimal. Mansfield participated in negotiations with a Massachusetts entity, via telephone, to purchase assets located exclusively in Maryland. Notably, Mansfield did not initiate the contract with Clear Creek. Although Wind River prepared the asset purchase documents in Massachusetts, Mansfield executed them in Maryland. It is uncontested, as evidenced by the affidavits that Mansfield’s agents never traveled to Massachusetts. Mansfield did make payments on the note to Wind River in Massachusetts; however, the note was executed for the purchase of goods located in Maryland. While the physical presence of the defendant within the state is not a prerequisite to jurisdiction, both the Massachusetts long-arm statute and the Constitution require that the defendant’s contacts with the Commonwealth be “deliberate and not fortuitous.” Good Hope, 378 Mass, at 11.
Mansfield’s entering into a contract with Clear Creek, which maintained a place of business in Massachusetts through Wind River, does not constitute “transacting business” under G.L.c. 223A, §8(a). Precedent construing the “transacting business” provision of the long-arm statute compels this conclusion. In “Automatic” Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441 (1972), the Court held that the defendant’s contacts with Massachusetts were insufficient to support jurisdiction under G.L. 223A, §3, where the defendant’s contacts consisted of signing a contract and making payments through the mail. Id. at 443-46. In Telco, the plaintiff, a communications company specializing in fund-raising activities, offered to provide its services to the Benevolent Association, a New Jersey non-profit corporation. When Telco sued the Benevolent Association in Massachusetts for breach of contract, the Appeals Court determined that personal jurisdiction was improper because the “center of gravity of the transaction was in New Jersey.” Telco, 41 Mass.App.Ct. at 230. That the Benevolent Association contracted, at arms length, with a corporation whose place of business was in Massachusetts, failed to satisfy the literal requirements of G.L.c. 223A, §3. Id. at 231. As in “Automatic" Sprinkler and Telco, Massachusetts elements in this case are “present but minor.” Id. at 232.
Other considerations that may support an exercise of jurisdiction are similarly absent. While not dispos-itive, the fact that Wind River initiated contact with Mansfield regarding the buy-back undermines the argument that Mansfield was soliciting business within the Commonwealth. Moreover, the parties do not suggest that Mansfield has a material impact upon the commerce of Massachusetts. Telco, 41 Mass.App.Ct. at 231. Although the promissoiy note contained a Massachusetts choice of law provision,[1] such a provision, not being a forum selection clause, is insufficient to support an exercise of personal juris *61 diction over a nonresident defendant without satisfying the literal terms of the long-arm statute. Id. at 228. As in Telco, the language of the choice of law provision in the promissory note “pointed to Massachusetts law as controlling in case of dispute; it did not express an agreement of the parties that Massachusetts was to be the exclusive forum in which a legal proceeding could be maintained." Telco, 41 Mass.App.Ct. at 227. Last, the court notes that the Massachusetts Entify, Wind River, is not a named party to this litigation.
Clear Creek has not sustained its burden of establishing a factual basis for the assertion that Mansfield transacted business in the Commonwealth with respect to the promissory note at issue. Consequently, this Court concludes that it lacks personal jurisdiction over Mansfield.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant Mansfield and Sons, Inc.’s Motion to Dismiss for Lack of Personal Jurisdiction be and hereby is ALLOWED.

The choice of law paragraph states:
This Note shall be governed by and construed under the laws of the state of Massachusetts.