Smith, Herman J., J.
INTRODUCTION
The matter is before the court on the motion of the defendant, Powertech Industrial Co., Ltd. (“Powertech Industrial"), to dismiss the complaint brought by the plaintiffs, Vermont Mutual Insurance (“Vermont Insurance”) and 510-514 Mt. Auburn Realty Trust (“Mt. Auburn Trust”), for lack of personal jurisdiction. The plaintiffs’ complaint arises out of a fire that broke out at 510-514 Mt. Auburn Street caused by a power strip manufactured by Powertech Industrial and distributed by Belkin Components (“Belkin”). For the reasons set forth below, the defendant Powertech Industrial’s motion to dismiss is ALLOWED.
BACKGROUND
When determining whether an exercise of personal jurisdiction is proper, the Court is mindful that each case turns upon its own unique facts. See Good Hope Indus., Inc. v. Ryder Scott, 378 Mass 1, 2 (1979); Droukas v. Drivers Training Acad., 375 Mass. 149, 156-57 (1978). The plaintiff bears the burden of proving sufficient facts to support an exercise of jurisdiction when confronted with a motion to dismiss for lack of personal jurisdiction. Droukas, 375 Mass. at 151; Nichols Assoc., Inc. v. Starr, 4 Mass.App.Ct. 91, 93-94 (1976). In the context of a motion to dismiss under Mass.R.Civ.P. 12(b)(2), the Court may consider materials, such as affidavits, answers to interrogatories, and exhibits alleging facts that bear on the issue of jurisdiction. See New Hampshire Ins. Guar. Ass’n v. Markem Corp., 424 Mass. 344, 347-49 (1997); See also Heins v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. KG., 26 Mass.App.Ct. 14, 15 (1988). Both parties have submitted such materials to support the motion and opposition. The relevant facts set forth by the parties in the supporting materials are set forth below.
Mt. Auburn Trust is a trust organized under the laws of Massachusetts and a Massachusetts corporation. Mt. Auburn Trust owns property at 510-514 Mt. Auburn Street, Cambridge, Massachusetts. This property is insured through Vermont Insurance, a Vermont corporation authorized to engage in insurance sales in Massachusetts.
Defendant Belkin is a Delaware corporation registered to do business in Massachusetts. Defendant Powertech Industrial has its principal place of business in Taiwan, and did have an office in California.[1]
On February 14, 2002, a fire broke out at 510-514 Mt. Auburn Street, Cambridge, Massachusetts. A power strip (model number F5C050-TEL) caused the fire. The power strip was purchased at Wal-Mart in Watertown, Massachusetts; it was distributed by Bel-kin and manufactured by Powertech Industrial. There was properly damage from the fire, and Vermont Insurance paid Mt. Auburn Trust, its insured, $48,894.95, under the trust’s insurance policy.
Plaintiffs allege that defendants were negligent in manufacturing and distributing the power strip; that they breached the implied warranty of merchantability; and, that they breached the implied warranty of fitness for a particular purpose. Prior to this motion to dismiss, Powertech Industrial brought a motion for judgment on the pleadings in which it claimed plaintiffs had failed to allege sufficient facts to establish personal jurisdiction over Powertech Industrial. This Court denied Powertech Industrial’s motion, finding that there was personal jurisdiction pursuant to the Massachusetts longarm statute. However, this Court reserved its decision on whether exercising jurisdiction would comport with due process considerations and allowed plaintiffs sixty days to conduct discovery limited to that issue. See Vermont Mut Ins. Co. v. Belkin Components, Civil No. 05-00526 (Middlesex Super. Court August 30, 2006) (Gershengom, J.). The discovery period has expired, and Powertech Industrial has brought this motion contending plaintiffs have still failed to allege any facts supporting exercising personal jurisdiction over Powertech Industrial.
DISCUSSION
Whether the exercise of jurisdiction over a nonresident defendant is appropriate generally presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under state law consistent with basic due process requirements mandated by the United States Constitution. Haddad v. Taylor, 32 Mass.App.Ct. 332, 334 (1992). In aprior decision, this Court found that asserting personal jurisdiction over Powertech Industries is authorized by G.L.c. 223A, §3(d) in that: A) the tortious injury was in Massachusetts; B) Powertech Industrial had a website that was readily accessible to Massachusetts residents; C) that the website provided an avenue for customers to obtain technical support for its products, and included information on its products and offices including addresses, telephone and fax numbers, and e-mail addresses; and, D) Powertech Industrial used the website to advertise its services. See Vermont Mut. Ins. Co. v. Belkin Components, Civil No. 05-00526 (Middlesex Super. Court) (Gershengom, J.).
The question that remains is whether exercising jurisdiction would comport with due process. “The Due Process Clause protects an individual’s liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations.” Heins, 26 Mass.App.Ct. at 21 (citing International Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)) (quotations omitted). “The constitutional touchstone of the determination whether an exercise of personal jurisdiction comports with due process remains whether the defendant purposefully established minimum contacts *251 in the forum State.” Asahi Metal Indus. Co. v. Superior Court, 430 U.S. 102, 108 (1987) (quotations and citations omitted). See also Heins, 26 Mass.App.Ct. at 22 (The requirements of the due process clause are satisfied if the out-of-state defendant has “purposefully directed his activities at residents of the forum... and the litigation results from alleged injuries that arise out of or relate to those activities”).
In Asahi Metal Indus. Co., the Supreme Court held that “mere awareness on the part of a foreign defendant” that their product, through the stream of commerce, would reach the forum state did not establish the minimum contacts needed to satisfy due process and exercise jurisdiction. 480 U.S. 102, 105 (1987). The plaintiffs in Asahi Metal Indus. Co. brought a product liability suit, arising out of a motorcycle accident, against, among others, a Japanese manufacturer. The court held that the Japanese manufacturer’s intentional act of placing its products in the stream of commerce coupled with its awareness that its products would eventually reach California were not sufficient to support a state court exercising jurisdiction under the Due Process Clause. In an oft-quoted passage, the court explained:
The placement of a product into the stream of commerce, without more, is not an act the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant’s awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.
Id. at 112.
On the present record,[2] the plaintiffs have shown no evidence that Powertech Industrial did anything more than place their product in the stream of commerce. Plaintiffs have shown that the power strip was purchased at Wal-Mart in Massachusetts and that Belkin, a Delaware corporation registered to do business in Massachusetts, distributed the product that Powertech Industrial manufactured in Taiwan. After limited discovery, the plaintiffs point to two documents that indicate that Powertech Industrial may have contacts in Massachusetts: a consignment contract that points to other contracts between Belkin and Powertech Industrial, and a document that lists Powertech Industrial’s biggest customers in the United States as Ace Hardware Corporation, Fellowes, Inc. and Fiskars, all of which sell products in Massachusetts. These documents do not persuade this Court to find a purposeful connection to Massachusetts or even delay the proceedings to allow for more discovery.
Powertech Industrial does not maintain offices or have a place of business in Massachusetts. It has never solicited business in Massachusetts, nor ever sent an officer, director, or employee to Massachusetts, nor contracted with a company with the intention of specifically targeting the Massachusetts market.[3] Also, a website that is visible in Massachusetts, and gives information and/or technical support about its products, is not sufficient to subject the defendant to personal jurisdiction in Massachusetts. See McBee v. Delica Co., Ltd., 417 F.3d 107, 124 (2005) (exercising personal jurisdiction on the mere existence of a website “would ‘eviscerate’ the limits of state’s jurisdiction over out-of-state or foreign defendants”) (citations omitted); see also Cormer v. Cormer, 295 F.Sup.2d 201, 209-10 (D.Mass. 2003) (website was a passive advertising tool, and was not a sufficient contact to bestow personal jurisdiction); Contrast Gather, Inc. v. Gatheroo, LLC, 443 F.Sup.2d 108, (D.Mass. 2006) (website was not a passive advertising tool, and was a sufficient contact to bestow personal jurisdiction).
Although plaintiffs argue that Belkin acted as Powertech Industrial’s agent in transacting business in the Commonwealth, they have failed to produce any evidence to indicate that Powertech Industrial authorized Belkin to act on its behalf. There is no evidence that Powertech Industrial exercised any control over Belkin’s marketing and distribution of the power strips or that Powertech Industrial exercised any degree of control necessary to infer an agency relationship. In fact, Belkin has submitted an affidavit that it has never acted as an agent for Powertech Industrial, and that it is a separate corporate entity. Powertech Industrial has offered no evidence or affidavit to rebut Belkin’s assertions.
The plaintiffs reliance on Heins v. Wilhelm Loh Wetzlar Optical Machinery GmbH & Co. KG is misplaced in that the holding in Heins is inapposite. 26 Mass.App.Ct. 14 (1988). In Heins, the Appeals Court held the corporate defendant purposefully directed its activities in the state since the defendant was aware that several optical lens grinding machines had been purchased by Massachusetts customers for use in Massachusetts and since it derived substantial revenue from the use of the machines in Massachusetts. Further the defendant in Heins sent its employees to Massachusetts to provide advice on delivered machines and tried to cultivate a market in Massachusetts for the future sales of its products. Plaintiffs have not shown any such evidence in this case.
ORDER
For the foregoing reasons, it is ORDERED that defendant Powertech Industrial Co., LTD., a/k/a Fortune Power Int’l Corp., a/k/a Powertech Corporation’s *252 Motion to Dismiss for lack of personal jurisdiction is ALLOWED.

It is controverted among the parties where Powertech Industrial is headquartered in Taiwan, and where and whether it has offices in California. The Memorandum of Decision and Order dated August 30, 2006 states that Powertech Industrial’s principal place of business is in Taipei Esein, Tiawan (sic), and that it has offices in California and Minnesota. See Vermont Mut. Ins. Co. v. Belkin Components, Civil No. 05-00526 (Middlesex Super. Court) (Gershengorn, J.). Powertech Industrial claims its principal place of business is Chung Cho City, Taiwan. Contrary to plaintiffs’ assertions, it alleges it has no relation to “Powertech Systems Corp.” that has a place of business in La Puenta, California, or “Powertech Corporation” that has a principal place of business m Los Angeles, California. It admits it did have an office in Baldwin Park, California. Regardless, it is uncontroverted that Powertech Industrial is headquartered in Taiwan, and did have an office in California. These facts are sufficient for purposes of this motion.

Plaintiffs had sixty days to conduct discovery limited to the issue of Powertech Industrial’s contacts with Massachusetts. They argue that Powertech Industrial’s discovery responses are inadequate and do not provide answers to many of the interrogatories and requests for the production of documents. Further discovery would not have helped as the interrogatories and other discovery requests objected to by defendant did not concern Powertech Industrial’s contacts with Massachusetts, but general agreements between Belkin and Powertech Industrial and documents relating to Powertech Industrial’s advertising and marketing in the United States.

See also Greineder v. Foster & Smith, Inc., 1997 WL 1229244, Civil No. 95951A (Super.Ct. Nov. 25, 1997) (Donovan, J.) (court did not assert jurisdiction where German company had an attenuated connection to Massachusetts).