The Giving Back Fund, Inc., alleges in its complaint that it “is a nonprofit organization providing foundation management services for professional athletes, celebrity clientele, high net worth individuals, corporations[,] and others.” Joan Pasternack served on the Fund’s board of directors from 2021 through early 2023.
The Fund alleges that Ms. Pasternack falsely told a Fund client that they were required to pay a several hundred thousand dollar transfer fee to the Fund, she hoped to parlay that payment (which never happened) into leverage to convince the Fund to forgive a $45,000 debt owed by Pasternack to the Fund, and the Fund lost the client as a result. The Fund has sued Pasternack for breach of fiduciary duty, tortious interference, and violating G.L. c. 93A based on these alleged acts; it also asserts claims for breach of contract and aiding and abetting commercial disparagement based on other alleged misconduct.
Ms. Pasternack has moved to dismiss for lack of personal jurisdiction, arguing that she never set foot in Massachusetts and conducted all of her dealings with the Fund by video conference, email, and other forms of electronic communication while she was physically elsewhere.
The Court will deny this motion because it finds that Massachusetts may exercise personal jurisdiction over Ms. Pasternack under G.L. c. 223A, § 3(a), based on her repeated remote participation in the Fund’s board meetings, and that doing so satisfies constitutional requirements of due process.
1. The Massachusetts long-arm statute authorizes specific jurisdiction as to a cause of action arising from the transaction of business in Massachusetts by the defendant or its agent. See G.L. c. 223A, § 3(a).
“ ’The term ‘transacting business' is broadly construed,’ and ‘anything but the most incidental commercial contact’ is sufficient.” Cannonball Fund, Ltd. v. Dutchess Cap. Mgmt., LLC, 84 Mass. App. Ct. 75, 98 (2013), quoting Haddad v.
 
                                                            -1-
 
Taylor, 32 Mass. App. Ct. 332, 335 (1992) (“broadly construed”), and Foster–Miller, Inc. v. Babcock & Wilcox Canada, 848 F.Supp. 271, 276 (D.Mass. 1994) (“most incidental commercial contact”), reversed on other grounds, 46 F.3d 138 (1st Cir. 1995); accord Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994).
The “arising from” language in this statute creates a “but for” test. See Tatro, 416 Mass. at 770–771. “This means ‘a claim arises from a defendant's transaction of business in [Massachusetts] if the claim was made possible by, or lies in the wake of, the transaction of business in [this State].’ ” von Schonau-Riedweg v. Rothschild Bank AG, 95 Mass. App. Ct. 471, 490 (2019) (bracketed material in original), quoting Tatro, 416 Mass. at 771.
Ms. Pasternack is subject to personal jurisdiction in Massachusetts under § 3(a) because she transacted business here by repeatedly participated by videoconference in the Fund’s board meetings held in Massachusetts. See Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 10 (1979) (engaging in enterprise of “substantial dimension and duration” with party known to have business headquarters in Massachusetts). Good Hope Industries makes clear that “§ 3(a) does not require that the business transacted have taken place within the physical bounds of the commonwealth.” Bond Leather Co. v. Q.T. Shoe Mfg. Co., 764 F.2d 928, 932 (1st Cir. 1985). Remote communications involving far less interaction with Massachusetts have been held to constitute the transaction of business within Massachusetts within the meaning of § 3(a). See Bond Leather, supra (mailing four letters to and receiving one phone call from Massachusetts); Nova Biomedical Corp. v. Moller, 629 F.2d 190, 196 (1st Cir. 1980) (mailing two letters alleging patent infringement and threatening litigation).
Furthermore, there is a sufficient nexus between these activities and the Fund’s claims for breach of fiduciary duty and tortious interference. In other words, these claims arise from Pasternack’s transaction of business in Massachusetts.
2. Due Process. Turning to the constitutional requirements, the Fund must prove three things to establish that the exercise of specific personal jurisdiction over Ms. Pasternak would satisfy due process. First, jurisdiction must be based on contacts with Massachusetts by which the Fund “purposefully avail[ed] itself of the privilege of conducting activities” in Massachusetts, “thus invoking the benefits and protections of its laws.” Bulldog Inv'rs Gen. P'ship v. Secretary of the Commonwealth, 457 Mass. 210, 217 (2010), quoting Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty., 480 U.S. 102, 109 (1987). “Second, the claim must arise out of, or relate to the defendant’s contacts with the forum.” Bulldog Inv’rs, supra. Third, “the assertion of jurisdiction over the defendant
 
                                                            -2-
 
must not offend ‘traditional notions of fair play and substantial justice.’ ” Id., quoting Tatro, 416 Mass. at 773, quoting in turn International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). “ ‘The constitutional touchstone’ of the determination whether an exercise of personal jurisdiction comports with due process ‘remains whether the defendant established “minimum contacts” in the forum state.” Bulldog Inv’rs, supra, quoting Tatro, 416 Mass. at 772, quoting in turn Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).
The Court concludes that all three parts of this test are satisfied here. First, as discussed above, Ms. Pasternack conducted substantial business in Massachusetts and thereby purposefully availed herself of the privilege of conducting business here. “[P]arties who ‘reach out beyond one state and create continuing relationships and obligations with citizens of another state’ ” have established sufficient minimum contacts with the other State to be subject to personal jurisdiction there for claims related to the contract. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985), quoting Travelers Health Assn. v. Virginia, 339 U.S. 643, 647 (1950); accord Exxon Mobil Corp. v. Attorney General, 479 Mass. 312, 322 (2018). Second, the Funds claims relate to Ms. Pasternack’s contacts with Massachusetts by participating in the board’s management of the Fund. Finally, under these circumstances asserting jurisdiction over Ms. Pasternack would be fair.
“It is not true that interstate remote communications are, by their nature, per se insufficient to constitute contacts that sustain personal jurisdiction.” C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 68 (1st Cir. 2014). “[I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines....” Id., quoting Burger King, 471 U.S. at 476. “In light of this reality, the Supreme Court has ‘consistently rejected’ a physical contact test for personal jurisdiction.” Id., quoting Burger King, supra.
ORDER
Defendant’s motion to dismiss for lack of personal jurisdiction is denied. The prior stay of all fact discovery is therefore vacated. The parties shall jointly propose a schedule for the conduct and completion of fact and expert discovery in this case no later than March 4, 2026.
/s/Kenneth W. Salinger Justice of the Superior Court
February 18, 2026